IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

    Plaintiff,	No. CIV S-04-1158 MCE KJM P

    vs.

SAN JOAQUIN COUNTY
SHERIFF'S DEPARTMENT et al.,

    Defendants.	ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. § 1983. By order filed January 2, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        As previously noted, a claim is legally frivolous when it lacks an arguable basis

1

either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's complaint is a mix of factual allegations and case citations, which makes the task of evaluating the claims very difficult. As background, plaintiff alleges he was a passenger in a San Joaquin County Sheriff's van without seatbelts for the passengers. He was injured in an accident and denied medical care at the scene.

Plaintiff labels certain portions of his complaint as claims, so the court will examine these. In the first, he alleges his Eighth Amendment rights were violated by defendant Coleman's denying plaintiff medical care at the scene of the accident. Am. Compl. at 3. This delay in receiving medical care has made his subsequent treatment more difficult. Id. at 4.

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious

medical needs." To establish deliberate indifference, plaintiff must show that defendants knew of and disregarded an excessive risk to his health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The nature of a defendant's responses must be such that the defendant purposefully ignores or fails to respond to a prisoner's pain or possible medical need in order for "deliberate indifference" to be established. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997). Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care. Id. at 1059-60. A serious medical need is an "injury that a reasonable doctor or patient would find worthy of comment or treatment" or "serious or chronic pain." Estelle, 429 U.S. at 104; McGuckin, 974 F.2d at 1059-60.

   Plaintiff's complaint does not sufficiently plead an Eighth Amendment violation. The court cannot determine what injuries, if any, he suffered in the accident and how the delay made the subsequent course of treatment more difficult. He will be given another chance to amend this portion of his complaint.

   As claim two, plaintiff alleges that defendant Coleman provided on-the-scene medical treatment for an injured white inmate, but none for plaintiff, who is black, in violation of his Fourteenth Amendment right to equal protection of the laws.

   To establish an equal protection claim, a plaintiff must show "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194-96 (9th Cir. 1998). Plainitff has not alleged defendant Coleman acted with an intent to discriminate against plaintiff; he will be given the opportunity to amend his complaint if he is able to do so while complying with Federal Rule of Civil Procedure 11.

        The basis of claim three is somewhat murky. Plaintiff complains that defendant Dunn, the former sheriff of San Joaquin County, deprived plaintiff of his right to equal protection by his failure to equip jail vans with seatbelts.

        As noted above, these factual claims do not add up to an equal protection violation. Moreover, the failure to provide seatbelts does not rise to the level of constitutional injury. Carrasquillo v. City of New York, 324 F.Supp.2d 428, 437-38 (S.D.N.Y. 2004). This claim thus should not be included in any amended complaint.

        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

  1. Allegation of jurisdiction.

  2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

  3. As a result plaintiff was thrown down and had his leg broken, and was

> otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id. Plaintiff's amended complaint suffers from some of the problems outlined in McHenry, which complicates the court's task of screening it. Any second amended complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

/////
/////
/////
/////
/////
/////

5

1  must bear the docket number assigned this case and must be labeled "Second Amended

2  Complaint". Failure to file a second amended complaint in accordance with this order will result

3  in a recommendation that this action be dismissed.

4  DATED: May 20, 2005.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE

2
king1158.14amd