IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

      Plaintiff,                        No. CIV S-04-1158 MCE KJM P

      vs.

SAN JOAQUIN COUNTY
SHERIFF'S DEPARTMENT et al.,

      Defendants.                ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. § 1983. By order filed January 3, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff filed a first amended complaint on February 28, 2005, and then a second amended complaint on July 18, 2005. On August 24, 2005, he filed an addendum to his second amended complaint. This order addresses the second amended complaint, which supersedes the first amended complaint, as well as the addendum.

      As noted in prior orders, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

1

1  which relief may be granted, or that seek monetary relief from a defendant who is immune from
2  such relief. 28 U.S.C. § 1915A(b)(1), (2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
7  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.

10       A complaint, or portion thereof, should only be dismissed for failure to state a
11 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
12 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
13 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
14 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
15 complaint under this standard, the court must accept as true the allegations of the complaint in
16 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
17 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
18 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19       Plaintiff's second amended complaint and its addendum are hard to decipher
20 narratives concerning the injuries he allegedly suffered in a van accident, later failures to treat the
21 resulting back injury, and the impact of the injuries on his custody level and job placement.
22 Plaintiff names Deputy Coleman as the officer whose poor driving caused the accident and lists
23 various medical personnel at High Desert State Prison, but does not clearly tie any particular
24 defendant to the allegations of inadequate medical care. He also challenges the failure to provide
25 seatbelts in the van, arguing that California's mandatory seatbelt law converts this failure into an
26 Eighth Amendment violation; plaintiff further appears to be attempting to plead a tort under

1  California law.

2  The Civil Rights Act under which this action was filed provides as follows:

3  Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
4  deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
5  law, suit in equity, or other proper proceeding for redress.

6  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

7  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

8  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

9  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

10 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

11 omits to perform an act which he is legally required to do that causes the deprivation of which

12 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13 Moreover, supervisory personnel generally are not liable under § 1983 for the

14 actions of their employees under a theory of respondeat superior and, therefore, when a named

15 defendant holds a supervisorial position, the causal link between him and the claimed

16 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

17 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

18 941 (1979). As noted above, there can be no liability under § 1983 unless there is some

19 affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo,

20 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.

21 Vague and conclusory allegations concerning the involvement of official personnel in civil rights

22 violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23 Plaintiff will be given the opportunity to submit a third amended complaint,

24 listing in simple form and in one document the basis of his claims and injuries and the parties he

25 believes are responsible for each of the harms. If plaintiff decides to file a further amended

26 complaint, he may wish to consult the case of McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.

1996). In McHenry, the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id. Plaintiff's second amended complaint suffers from some of the problems outlined in McHenry, which complicates the court's task of screening it. Any third amended complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

In addition, plaintiff is informed that the court cannot refer to a prior or subsequent pleading in order to make any of plaintiff's amended complaints complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the earlier pleadings no longer serve any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Because the complaint must be complete in itself, plaintiff should not submit "addenda" once he has complied with the court's order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint". Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

3. The Clerk of the Court is directed to send plaintiff the form for use by prisoners in filing civil rights actions.

DATED:  December 28, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
king1158.14amd